# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **ROY ARLEN VAN NORTRICK** | **CIVIL ACTION NO. 5:15-cv-2790** |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **MARY LEE HARRIED** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Pro se plaintiff Roy Arlen Van Nortrick, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 3, 2015. Plaintiff is a pre-trial detainee at the Caddo Corrections Center (CCC); he is awaiting trial on charges of aggravated rape and first degree rape pending in the First Judicial District Court, Caddo Parish.[1]  He sues his court-appointed attorney, Mary Lee Harried, claiming that she violated the attorney-client privilege when she responded to the complaint he filed against her with the Louisiana Attorney Disciplinary Board (LADB). He wants the attorney disbarred and he wants punitive damages of $100,000 for mental anguish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### Statement of the Case

Plaintiff was booked into the CCC on charges of aggravated rape and first degree rape on

---

[1] http://www.caddosheriff.org/inmates/?lastNameChar=V

November 19, 2013. Bond was set at $400,000.  Shortly after his arrest and incarceration,

defendant Mary Lee Harried, a Caddo Parish Public Defender, was appointed to represent him.

On some unspecified date plaintiff lodged a formal complaint against Ms. Harried with the

LADB. On July 17, 2014, Ms. Harried responded to each of the plaintiff's complaints in a letter

addressed to Robert S. Kennedy, Jr., Deputy Disciplinary Counsel. [See Doc. 1-2]

Plaintiff now contends that Ms. Harried, "... has violated my Constitutional rights in that

while she is my attorney I had an expectation of privacy, Attorney-Client privilege which she

vigorously violated. I filed a formal complaint with attorney disciplinary board and learned that

my attorney did type and print my statement(s) to her to the board. She knowingly and

intentionally violated the codes of ethics to cause me great harm, these acts alone prevents me

from being afforded a fair and an impartial trial as is guaranteed by law." [Doc. 1, ¶IV]

### *Law and Analysis*

#### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner

seeking redress from an officer or employee of a governmental entity, his  complaint is subject to

preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80

(5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also

subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

2

*v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. State Actors

Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

Criminal defense attorneys, whether retained or court-appointed, are not "state actors and therefore cannot be sued for civil rights violations under 42 U.S.C. § 1983." See *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Consequently, plaintiff's claim against Ms. Harried lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## 3. Disbarment

Plaintiff also asks that the defendant "be removed from practicing law..." Plaintiff is a member of the Louisiana Bar,  subject to the disciplinary rules established by the Supreme Court. Under Louisiana law, complaints against attorneys must be filed with the Louisiana Attorney

3

Disciplinary Board, the agency established by the Louisiana Supreme Court "... to administer the lawyer discipline and disability system." See Supreme Court Rule XIX, §2(A); see also §11 which authorizes disciplinary counsel to screen and investigate complaints of attorney misconduct.  Ultimately, the decision to disbar, suspend, admonish, or otherwise sanction a member of the Louisiana Bar is committed to the authority of the Louisiana Supreme Court. See Rule XIX, §10.  Thus, plaintiff's complaint, insofar as it seeks disbarment, must be dismissed for failing to state a claim for which relief may be granted.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

4

In Chambers, Monroe, Louisiana, January 11, 2016.


**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**